UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANELL MARTIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PHILLIP H. BECK,<br><br>　　　　　Defendant. | No. 2: 14-cv-2956 KJM KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

1   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

2   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

3   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

4   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

5        The only named defendant is Dr. Beck.  Plaintiff appears to challenge a ruling made in a

6   previous action he filed in this court against defendant Beck, 2:12-cv-00421 LKK JFM P.  In 12-

7   00421, the Honorable Lawrence K. Karlton granted defendant Beck's motion to dismiss for

8   failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  See 2:12-cv-00421

9   LKK JFM P, at ECF No. 32.  Judge Karlton adopted findings and recommendations issued by

10  Magistrate Judge Moulds, finding that plaintiff had not stated potentially colorable claims for

11  relief pursuant to the Eighth or Fourteenth Amendments.  Id., at ECF No 26.  Both Judge Moulds

12  and Judge Karlton noted that mere negligence does not rise to the level of an Eighth Amendment

13  claim.  Id., at ECF Nos. 26, 32.

14       In the instant action, plaintiff appears to argue that he raised a state law claim in 12-cv-

15  00421, which the court failed to rule on.  Plaintiff alleges that after the dismissal of 12-cv-00421,

16  he filed a state court action raising his state law claims against defendant Beck.  Plaintiff alleges

17  that the state court rejected these claims as time barred.  Plaintiff argues that these claims were

18  not time barred when he raised them in 12-cv-00421.

19       The undersigned cannot address orders issued by Judge Moulds and Judge Karlton in

20  2:12-cv-00421.  In other words, plaintiff may not litigate orders issued by Judge Moulds and

21  Judge Karlton in 12-cv-00421 in the instant action.  Instead, plaintiff may file an amended

22  complaint in the instant action raising all of his claims against defendant Beck, based on both

23  constitutional and state law.  If the amended complaint raises only state law claims, this action

24  will be dismissed.  See 28 U.S.C. § 1332(a) (describing circumstances under which federal courts

25  may handle state law claims only).

26       The undersigned also observes that if plaintiff's amended complaint restates the

27  constitutional claims previously raised against defendant Beck in 12-00421, they will most likely

28  be dismissed under the doctrine of res judicata.  While Judge Karlton did not state whether

3

1  dismissal of 12-0421 was with or without prejudice, generally, "a dismissal for failure to state a
2  claim under Rule 12(b)(6) is presumed ... to be rendered with prejudice." McLean v. United
3  States, 566 F.3d 391, 396 (4th Cir. 2009).
4         Under the doctrine of res judicata, "a final judgment on the merits bars further claims by
5  parties or their privies based on the same cause of action." Montana v. United States, 440 U.S.
6  147, 153 (1979). Thus, a claimant may not seek to re-litigate claims decided previously on their
7  merits. Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 (9th Cir. 2005). In addition,
8  res judicata "precludes the litigation of 'any claims that were raised or could have been raised' in
9  a previous lawsuit." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir.
10 2001). The doctrine is applicable "whenever there is "(1) an identity of claims, (2) a final
11 judgment on the merits, and (3) privity between parties." Stratosphere Litig. L.L.C. v. Grand
12 Casinos, Inc., 298 F.3d 1137, 1143 n. 3 (9th Cir. 2002) (citation omitted). Notably, "[i]f a court is
13 on notice that it has previously decided the issue presented, the court may dismiss the action sua
14 sponte, even though the defense has not been raised." Arizona v. California, 530 U.S. 392
15 (2000).
16        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
17 about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v.
18 Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each
19 named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is
20 some affirmative link or connection between a defendant's actions and the claimed deprivation.
21 Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743
22 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil
23 rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
24        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
25 make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
26 complaint be complete in itself without reference to any prior pleading. This requirement exists
27 because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.
28 Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

1  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
2  original complaint, each claim and the involvement of each defendant must be sufficiently
3  alleged.
4      Plaintiff has also filed a motion for removal pursuant to 28 U.S.C. 1441.  (ECF No. 3.)
5  The relief plaintiff seeks in this motion is unclear.  To the extent plaintiff seeks removal of a
6  pending state court action to this court, only defendants are authorized to file motions for
7  removal.  See 28 U.S.C. § 1441(a).  Accordingly, plaintiff's motion for removal is denied.
8      Plaintiff has also filed a motion for a writ of certiorari.  (ECF No. 9.)  In this motion,
9  plaintiff requests that the court provide him with copies of all records from the state court case
10 regarding which he filed his motion for removal.  Because the motion for removal is denied, the
11 request for documents from the state court action is denied.
12     Plaintiff also filed a motion to set aside a state court judgment.  (ECF No. 10.)  In this
13 motion, plaintiff requests that this court set aside the state court judgment finding his state law
14 claims against defendant Beck time barred.  The undersigned does not have the authority to
15 overturn this state court judgment.  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923);
16 District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) (the Rooker-Feldman
17 doctrine precludes a federal court from exercising jurisdiction over a case that essentially appeals
18 a state court judgment).
19     In accordance with the above, IT IS HEREBY ORDERED that:
20     1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 8) is granted.
21     2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
22 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
23 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
24 Director of the California Department of Corrections and Rehabilitation filed concurrently
25 herewith.
26     3. Plaintiff's complaint is dismissed.
27     4. Within thirty days from the date of this order, plaintiff shall complete the attached
28 Notice of Amendment and submit the following documents to the court:

      a. The completed Notice of Amendment; and

      b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

    5. Plaintiff's motion for removal (ECF No. 3) is denied;

    6. Plaintiff's motion for writ of certiorari (ECF No. 9) is denied;

    7. Plaintiff's motion to set aside the state court judgment (ECF No. 10) is denied.

Dated: February 5, 2015

*(signature)*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mart2956.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANELL MARTIN,<br><br>      Plaintiff,<br><br>  v.<br><br>PHILLIP H. BECK,<br><br>      Defendant. | No.  2:  14-cv-2956 KJN P<br><br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____    Amended Complaint

DATED:

                                                            _____

                                                           Plaintiff

7