1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LANELL MARTIN,                              No.  2:14-cv-2956 KJM KJN P

12                      Plaintiff,

13          v.                                   FINDINGS AND RECOMMENDATIONS

14   PHILLIP H. BECK,

15                      Defendant.

16

17          Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint.  (ECF No. 17.)

19   For the following reasons, this action should be dismissed.

20          The only named defendant is Dr. Beck.  Plaintiff alleges that defendant Beck performed

21   surgery on plaintiff on February 24, 2010.  (Id. at 4.)  Plaintiff alleges that the surgery caused

22   plaintiff to become infertile.  (Id. at 2.)  Plaintiff alleges that defendant Beck violated his

23   constitutional rights as well as state law.  (Id. at 5-8.)

24          As noted in the February 5, 2015 order dismissing the original complaint, plaintiff filed a

25   previous action in this court against defendant Beck regarding the February 24, 2010 surgery.

26   See 2: 12-cv-00421 LKK JFM P.[1]  In 12-00421, plaintiff alleged that defendant Beck violated his

27   _____

[1]   (Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626,
28   635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981)).

1

1    Eighth Amendment right to adequate medical care when he performed surgery on plaintiff on

2    February 24, 2010. (ECF No. 26.)  In 12-00421, the Honorable Lawrence K. Karlton granted

3    defendant Beck's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil

4    Procedure 12(b)(6).  See 2: 12-cv-00421 LKK JFM P, at ECF No. 32.  Judge Karlton adopted

5    findings and recommendations issued by Magistrate Judge Moulds, finding that plaintiff had not

6    stated potentially colorable claims for relief pursuant to the Eighth or Fourteenth Amendments.

7    Id., at ECF No. 26.  Both Judge Moulds and Judge Karlton noted that mere negligence does not

8    rise to the level of an Eighth Amendment claim.  Id., at ECF Nos. 26, 32.

9         In the February 5, 2015 order dismissing plaintiff's original complaint, the undersigned

10   observed that plaintiff appeared to be arguing that he raised a state law claim in 12-cv-00421,

11   which the court failed to rule on.  (ECF No. 11 at 3.)  Plaintiff alleged that after the dismissal of

12   12-cv-00421, he filed a state court action raising his state law claims against defendant Beck.

13   (Id.)  Plaintiff alleged that the state court rejected these claims as time barred.  (Id.)  Plaintiff

14   argued that these claims were not time barred when he first raised them in 12-cv-00421.  (Id.)

15        The February 5, 2015 order informed plaintiff that the undersigned could not address

16   orders issued by Judge Moulds and Judge Karlton in 2:12-cv-00421.  (Id.)  The undersigned

17   advised plaintiff that he could file an amended complaint in the instant action raising all of his

18   claims against defendant Beck, based on both state and constitutional law.  (Id.)  The undersigned

19   stated that if the amended complaint raised only state law claims, this action would be dismissed.

20   (Id., citing 28 U.S.C. § 1332(a).)   The undersigned also stated that if plaintiff's amended

21   complaint raised constitutional claims against defendant Beck regarding the February 24, 2010

22   surgery, this action would be dismissed pursuant to the doctrine of res judicata.  (Id. at 4.)

23        As discussed above, plaintiff's amended complaint raises both state and constitutional

24   claims against defendant Beck based on the February 24, 2010 surgery.  For the following reason,

25   the undersigned recommends that this action be dismissed on grounds that it is barred by the

26   doctrine of res judicata.

27        While Judge Karlton did not state whether the dismissal of 2:12-cv-00421 was with or

28   without prejudice, generally, "the dismissal for failure to state a claim under Federal Rule of Civil

2

1    Procedure 12(b)(6) is 'a judgment on the merits.'" Federated Dept. Stores, Inc. v. Moitie, 452

2    U.S. 394, 399 n.3 (1981) (citation omitted); see also Stewart v. U.S. Bancorp, 297 F.3d 953, 957

3    (9th Cir. 2002) ("a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the

4    merits' to which res judicata applies.")

5           Under the doctrine of res judicata, "a final judgment on the merits bars further claims by

6    parties or their privies based on the same cause of action."  Montana v. United States, 440 U.S.

7    147, 153 (1979).  Thus, a claimant may not seek to re-litigate claims decided previously on their

8    merits.  Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 (9th Cir. 2005).  In addition,

9    res judicata "precludes the litigation of 'any claims that were raised or could have been raised' in

10   a previous lawsuit."  Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir.

11   2001).  The doctrine is applicable "whenever there '(1) an identity of claims, (2) a final judgment

12   on the merits, and (3) privity between the parties.'"  Stratosphere Litig. L.L.C. v. Grand Casinos,

13   Incl, 298 F.3d 1137, 1143 n. 3 (9th Cir. 2002) (citation omitted).  Notably, "[i]f a court is on

14   notice that it has previously decided the issue presented, the court may dismiss the action sua

15   sponte, even though the defense has not been raised."  Arizona v. California, 530 U.S. 392, 416

16   (2000).

17          Both the instant action and 2:12-cv-00421 raise claims against defendant Beck based on

18   the February 24, 2010 surgery.  Case 2:12-cv-00421 was dismissed on the merits as it was

19   dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

20   Plaintiff's claims against defendant Beck raised in the instant action were either raised in 2:12-cv-

21   00421 or could have been raised in 2:12-cv-00421.  For these reasons, the instant action is barred

22   by the doctrine of res judicata.

23          Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

24          These findings and recommendations are submitted to the United States District Judge

25   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

26   after being served with these findings and recommendations, plaintiff may file written objections

27   with the court and serve a copy on all parties.  Such a document should be captioned

28   "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

1   failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   Dated:  May 22, 2015

4                                                            _____

5                                                            KENDALL J. NEWMAN
                                                             UNITED STATES MAGISTRATE JUDGE

6

7   Mar2956.dis

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4